## Joseph Lowis and Myer Lowis v. Conrad Seipp Brewing Company.

### Same v. Same.

1. JUDGMENTS—*A Unit—Exception to the Rule.*—The rule that a judgment is a unit, and on appeal therefrom, if set aside as to one, will be as to all, does not apply to cases where the defense of one is purely personal, as infancy, lunacy or bankruptcy.

2. DURESS—*Execution of Legal Process.*—An attempt to levy an execution upon the goods of a defendant is not duress, and a note and chattel mortgage to prevent the levy can not be said to have been executed under duress.

**Two Cases.**—(1) Application to vacate judgment. Error to the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding.

(2) Bill for injunction and relief. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed March 31, 1896.

BLUM & BLUM, attorneys for Joseph Lowis and Myer Lowis, plaintiffs in error.

A power of attorney to confess judgment by an infant is absolutely void. Cole v. Pennoyer, 14 Ill. 158; Fuqua v. Scholem, 27 Legal News (Chicago), 60 Ill. App. 140; Schouler's Domestic Relations, Secs. 400, 401; Tyler on Infancy and Coverture, 47; 1 Am. Lead. Cases, 248.

Whether a judgment against two persons entered by confession on a warrant of attorney may be set aside as to one of them and stand good as to the other is an unsettled point. It depends upon whether in the particular State the joint judgment is considered an entirety or a severalty. Black on Judgments, Sec. 77, and cases cited.

It has been held that where the judgment is erroneous against one defendant by reason of a lack of jurisdiction, it is void as to other defendants. The judgment is an entirety, a unit, and must be wholly reversed. McDonald v. Wilkie et al., 13 Ill. 22; Smith et al. v. Byrd, 2 Gilm. 412; Brockman v. McDonald, 16 Ill. 112; Griffith v. Furry, 30 Ill. 256; Goit v. Joyce, 61 Ill. 489; Wins v. Chalford, 82 Ill. 218; C. & St. L. R. R. Co. v. Easterly, 89 Ill. 156; Kingsland v. Koeppe, 137 Ill. 344.

A judgment void as against one defendant is a mere nullity as to all. Mendelhall v. Springer, 3 Harr. (Del.), 87; Harris v. Wade, 1 Chit. 322; Wood v. Heath, 1 Id. 708; Ram v. Olderson, 7 Hun 453; Britten v. Burton, 1 Chit. 708; Chapin v. Thompson, 20 Cal. 681; Hanby v. Welsh, 59 Md. 239; Black on Judgments, section 211.

In equity, contracts are set aside for force exciting apprehension short of the duress of the common law. Where a party is not a free agent, and is not equal to protecting himself, the court will protect him. 1 Story's Equity, 239; Foshay v. Ferguson, 5 Hill 158; Spaids v. Barrett, 57 Ill. 289.

WINSTON & MEAGHER, solicitors for Conrad Seipp Brewing Company; FREDERICK R. BABCOCK, of counsel.

The acts of a minor are voidable but not void. Burnham et al. v. Kidwell, 113 Ill. 429; 1 Parsons on Notes and Bills, p. 67, n. f.; 1 Parsons on Contracts, p. 295, n. u.

The rule that a judgment must be regarded as a unit, and if set aside as to one defendant must be set aside as to all, has its exceptions, viz., those in which one of the defendants pleads a personal defense, such as infancy, coverture, lunacy and the like. In such a case the judgment will be set aside as to him who pleads such defense, but will be held good against the other defendants. Briggs v. Adams, 31 Ill. 486; Felsenthal et al. v. Durand et al., 86 Ill. 232; Byers v. Bank, 85 Ill. 423; Aten v. Brown et al., 14 Ill. App. 451.

Where a judgment is entered against an adult and an infant, the fact that the judgment is void as to the infant can not invalidate the judgment against the adult. Reid et al. v. Degener et al., 82 Ill. 508.

After condition forfeited in a chattel mortgage, the title to the property becomes vested in the mortgagee. McConnell v. People, 84 Ill. 583; Jefferson v. Barkto, 1 Ill. App. 568; Cunningham v. Hamilton, 25 Ill. 212; Bodley v. Anderson, 2 Ill. App. 450.

Where a party threatens nothing which he has not a legal right to perform, there is no redress. Thus, where one who has a note and mortgage threatens to foreclose if full claim is not paid, there is no duress. Vick v. Shinn, 4 S. W. Rep. 60.

A threat to execute legal process in a civil action is not duress. Wilcox v. Holland, 23 Pick. 167; Forbes v. Appleton, 5 Cush. 115; Webber v. Aldrich, 2 N. H. 461; Colwell v. Peden, 3 Watts (Pa.) 327; Quinnell v. Washington, 10 Mo. 53; 10 Houck 54; Peckham v. Hendrew, 76 Ind. 47; Barrett v. Spaids, 70 Ill. 410; Hall v. Gustin, 54 Mich. 624.

A mortgagee in possession for condition broken has a right to retain possession as against either the mortgagor or his creditors, until his possession is attacked in some mode known to law. Cummings v. Holmes, 107 Ill. 552.

A court of chancery will not assume jurisdiction to restrain a mere breach of the peace or ordinary trespass, where the result of the injury is not in itself irreparable. Hamilton v. Stewart, 59 Ill. 330; Herrington v. Herrington, 11 Ill. App. 127; Goodell v. Lassen, 69 Ill. 145.

A mere allegation of irreparable injury is not sufficient proof of such irreparable injury, but must be specifically set forth. Poyer v. Village of Desplaines, 20 Ill. App. 30; 123 Ill. 111; 1 High on Injunctions, Sec. 34.

An injunction is not allowed to restrain a party from doing an act which has already been done. Wangelin v. Goe, 50 Ill. 459.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

These two cases, disposed of upon one opinion, have arisen out of the giving by a father and his minor son of their judgment note, and an agreement by the defendant in error to loan to the minor $500, to be secured by his note and a chattel mortgage upon certain saloon fixtures. The defendant in error having, after the making of the agreement, learned that Myer Lowis was a minor, refused to loan him the money and returned to him his notes.

The judgment note, upon which judgment by confession was entered, was executed by Joseph and Myer Lowis, and was for $1,000, being given for certain saloon fixtures placed in their saloon by the defendant in error. Upon the entry of judgment upon this note plaintiffs in error moved to have such judgment set aside, with the result that as to Myer Lowis, the minor, it was removed, leaving it standing as to Joseph Lowis.

It is urged that in this State a judgment is a unit, and if set aside as to one must be as to all defendants.

This is, as a rule, true on appeal from error alleged as to the rendering of the judgment itself.

In an application to set aside a judgment by confession, an appeal is made to the equitable as well as law powers of the court, and the court proceeding upon equitable principles, may remove the judgment as to some and allow it to stand as to others.

Such was the course pursued in this case. The judgment was for a just debt, for which Joseph Lowis could and did give a judgment note. Myer Lowis being a minor, the

warrant of attorney was not binding upon him, and as to him the judgment was vacated. Fuqua v. Sholem, 60 Ill. App. 140.

The rule that a judgment is a unit, and, on appeal therefrom, if set aside as to one will be as to all, does not apply to cases where the defense of one is purely personal, as infancy, lunacy or bankruptcy. Felsenthal v. Durand, 86 Ill. 232.

The judgment note for $1,000 was secured by a chattel mortgage upon the fixtures of a saloon. This mortgage contained a clause that if the mortgagors should cease to purchase beer of the mortgagee, the indebtedness secured should at once become due and payable. The mortgagees, having learned that Myer Lowis was a minor, refused to loan him $500 with which to purchase his father's interest in the saloon; thereupon the mortgagors declined to buy any more beer of the defendant in error, which company at once proceeded to foreclose its mortgage.

To prevent this, plaintiffs in error filed a bill, and, without notice, procured an injunction against such foreclosure; this injunction was, upon motion of appellees, dissolved, from which order of dissolution and dismissal of the bill an appeal was taken to this court.

Among other matters it was alleged that the judgment note and chattel mortgage were obtained by duress.

Plaintiffs in error in the bill claimed that the mortgaged fixtures were originally given by defendant in error to Joseph Lowis, to induce him to buy beer from said Seipp Brewing Co. That upon the failure of said brewing company to loan Myer Lowis $500, as it had agreed to do, Joseph and Myer Lowis refused to buy beer of the defendant in error, whereupon it sued out a writ of replevin for said saloon fixtures; that the sheriff, with the writ therefor issued, came to the saloon and demanded said fixtures; "that appellants declined to allow the writ to be served;" thereupon the sheriff, plaintiff's attorneys and two wagon loads of police officers entered the saloon, stopping all business therein, and greatly terrifying appellants, who, to prevent

the carrying away of said saloon fixtures and the breaking up of their business, executed the said note and chattel mortgage.

Appellee answered the bill, denying that it gave said fixtures to any one, denying all intimidation and duress of appellants, and asserted that the note and mortgage were freely and understandingly executed, and the said mortgage foreclosed for a willful breach of the conditions thereof.

Many affidavits in support of the bill and answer were read upon the motion to dissolve the injunction; the proceedings upon another bill and in the matter of the judgment and application to set the same aside, before mentioned, being also placed before the court.

We find in the record so made up no sufficient reason for setting aside the action of the Superior Court.

The burden of proof was upon appellants; they asserted that the brewing company had given this large quantity of saloon fixtures to Joseph Lowis, and that by duress he and his son had been compelled to execute a judgment note and a chattel mortgage.

A gift of these fixtures was not made out; nor was there such duress as calls for the interposition of a court of equity. The brewing company had lawfully sued out a writ of replevin for these fixtures; with such writ the sheriff was present to remove them. The right to the possession of these fixtures would, in due course, have been determined in that suit. To avoid the execution of such writ and such trial, appellants executed a note and the chattel mortgage.

Appellants, having thus, by giving a mortgage, been enabled to retain possession of the fixtures, now seek, by the aid of a court of equity, to defeat the incumbrance they gave, while keeping all that they obtained by doing that which they ask to have declared of no effect.

The Superior Court properly dissolved the injunction, and its decree is affirmed.