# George M. Hem, Appellant, v. J. M. Allen et al., Appellees.

## Gen. No. 5,730.

1. APPEALS AND ERRORS—*bill of exceptions.* A clerk has no authority to certify what propositions of law were presented to the trial judge nor what rulings he made thereon.

2. APPEALS AND ERRORS—*when propositions of law cannot be reviewed.* Propositions of law certified to by the clerk and not inserted in a bill of exceptions are not considered by a court of review.

3. BANKRUPTCY—*effect of composition.* Where a creditor files his claim on a note in a bankruptcy court having jurisdiction of the debtor and joins in a composition agreement, the debtor's discharge is a good defense to an action on the note.

4. EVIDENCE—*hearsay.* The testimony of an attorney that the clerk of court told him there were no funds to pay a certain claim is hearsay and incompetent to prove nonpayment.

. 5. BANKRUPTCY—*effect of order.* An order of the district court confirming a composition in bankruptcy is *prima facie* evidence that the money was paid to creditors.

6. JUDGMENTS—*when defendants not jointly liable.* Where a declaration against several charges a joint liability, and one defendant shows he was never liable, a recovery cannot be had against the other defendant without dismissing the defendant not liable and amending the declaration by omitting the charge of joint liability.

7. APPEALS AND ERRORS—*when error is waived.* A point not argued on appeal is waived.

8. COSTS—*failure to establish joint liability.* Where a declaration against several charges a joint liability, and one defendant sets up a discharge in bankruptcy which has accrued to him since he signed the joint obligation, such defendant may recover his costs in a suit, against both defendants, and yet plaintiff may be entitled to judgment against the other defendant.

9. BANKRUPTCY—*discharge as affecting joint liability.* While the release of one joint debtor usually discharges the other this rule does not apply to a discharge by a composition in bankruptcy.

Appeal from the Circuit Court of Kane county; the Hon. DUANE J. CARNES, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 12, 1913. *Certiorari* denied by Supreme Court (making opinion final).

CHARLES I. McNETT and CHARLES A. LOVE, for appellant.

M. O. SOUTHWORTH, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Appellant is the owner of a joint and several promissory note for $750, dated May 6, 1901, payable "six after date" which the declaration averred was six months after date, signed by J. M. Allen and I. S. Stephens, with a power of attorney to confess judgment. On December 21, 1910, he recovered a judgment by confession against the signers thereof for $1,105 and costs. On February 4, 1911, at the same term, the court granted a motion by the defendant Stephens to stay the execution upon the judgment, with leave to said defendant to plead and with an order that the judgment stand as security. Defendant Stephens filed three pleas, (1) *non assumpsit;* (2) a bankruptcy proceeding against him in the District Court of the United States for the Northern District of Illinois, wherein he was adjudged a bankrupt and this note was allowed in favor of appellant; a composition agreement with his creditors; his deposit of the consideration and money required to be deposited as ordered by the judge of said court; and the confirmation of said composition; of all which it was alleged appellant had notice; and there was an averment that this alleged debt was not exempted from the operation of a discharge in bankruptcy; (3) an accord and satisfaction. To the second plea there was a replication, denying seriatim all the allegations of said plea and concluding to the country. To the third plea there was an amended replication, denying the accord and satisfaction. Issues were joined on these pleadings. A jury was waived and the cause was tried and the issues were found for the appellees and they had judgment against appellant for costs, and he appeals therefrom.

It is contended by appellant that the court erred in its rulings upon certain propositions of law. They are not contained in the bill of exceptions and are therefore not before us. The clerk has inserted certain alleged propositions of law, and certain marks thereon, assumed to have been made by the court. The clerk has no authority to certify what propositions of law were presented to the trial judge nor what rulings he made thereon. As said of another like matter in Boyle v. Levings, 28 Ill. 314 "the law requires the certificate of the judge and not of the clerk to that fact." Gould v. Howe, 127 Ill. 251; Aden v. Road Dist. No. 3, 197 Ill. 220; Bruen v. People, 206 Ill. 417; People v. Stowers, 254 Ill. 588.

Sections 12, 13 and 14 of the Bankruptcy Act of 1898, relate, among other things, to the subject of compositions between the bankrupt and his creditors. Clause (b) of section 12 permits an application for the confirmation of a composition after, but not before, certain things have been done, among which is that the consideration to be paid by the bankrupt to his creditors, and the money necessary to pay all debts having priority, and the costs, shall have been deposited in such place as shall be designated by the judge and subject to the order of the judge. Clause (d) of said section requires the judge to confirm a composition if satisfied of certain things. Clause (e) requires that upon the confirmation of a composition, the consideration shall be distributed as the judge shall direct. Section 13 authorizes the judge, on application of parties in interest filed within six months after the composition has been confirmed, to set the same aside upon a certain showing. Section 14 (c) provides that the confirmation of a composition shall discharge the bankrupt from his debts, other than those agreed to be paid by the terms of the composition and those not affected by a discharge.

The proof offered by appellees showed a bankruptcy proceeding pending in the District Court of the United

States for the Northern District of Illinois against appellee Stephens and a petition for a composition filed in said cause, and the taking of the various steps provided by the Bankruptcy Act; that the offer of composition was accepted by the requisite number of creditors, and among them, by appellant; that the composition was recommended by the referee; an application to the court to confirm said composition, and an order by the court finding that the consideration and the money required by law had been deposited in such place as was designated by the judge of said court and subject to the order of said judge, and confirming said composition. There was also introduced in evidence an order by said court that the distribution of the deposit be made by the clerk of the court. Appellees contend that those orders are binding upon appellant and conclusive that the composition money was paid and that appellee Stephens was thereby discharged. Appellant contends that the District Court had no jurisdiction to enter any such order and that, if it had, it is *prima facie* proof only, and he has proven that the composition money for appellant was not paid and therefore the discharge is not operative, and therefore he can recover his whole debt in this proceeding, which was begun long after the confirmation of said composition in the Federal Court. The District Court had jurisdiction of Stephens, the bankrupt, and of his estate, and of appellant, who both filed his claim upon this note and procured its allowance, and also signed the composition agreement and consented to the composition. That court had jurisdiction to determine whether the composition should be confirmed, and therefore necessarily had jurisdiction to determine whether those things which the law required to precede the confirmation of the composition had been performed by the bankrupt, one of which was that the consideration to be paid by the bankrupt to his creditors had been deposited in a place designated by the judge and subject to the order of the judge. There-

fore this order was entered in a matter of which the court had jurisdiction, and no reason is seen why it should not be given full force and effect, unless it was procured by such a fraud as would authorize the setting aside of any other judgment, and no such fraud is alleged or proven.

Appellant contends that he has proven that the 25 per cent. which he was to receive by the composition was not paid to the clerk of the District Court. We find no such evidence in the record. He did prove that he had not received it, and an attorney testified that he went to the office of the clerk of the District Court for appellant and the clerk told him that there were no funds there to pay the claim; that he had paid out all the funds that had been paid in. The witness did not state when this was. The answer of the clerk was hearsay and incompetent, as appellees were not present. We think that, under this statute, if pursuant to the order of the court the money was paid to the clerk subject to the order of the judge, and if it was not paid by the clerk to the proper party, the remedy of the creditor would be in that court or upon the bond of the clerk whom the court had made custodian and distributor of the fund. Moreover the fact of nonpayment could not be proved by the hearsay statement of the clerk. Again, the clerk did not say the money had not been paid in. He may have made a mistake when he said he did not then have it. His declaration that he did not then have it does not prove that fact. It may be that appellant's attorney drew the money and has it. But if the order of the District Court is not treated as conclusive, it is at least *prima facie* proof that the money due to appellant under the composition was paid to the person required by the order of the court, and that upon the confirmation of the composition appellee, Stephens, was discharged by the terms of the statute from this debt; and that *prima facie* case has not been overcome by any competent proof.

The original judgment was against appellee, Allen, also. He was declared in the note to be a principal. He did not plead or prove any defense. Where a declaration against several charges a joint liability, and one of the defendants shows that he was never liable, a recovery cannot be had against the other defendant without dismissing the defendant not liable and amending the declaration by omitting the charge of joint liability; but where one defendant sets up a defense like a discharge in bankruptcy, which has accrued to him since he signed the joint obligation, such defendant may recover his costs in a suit against both defendants, and yet the plaintiff may be entitled to a judgment against the other defendant. Byers v. First Nat. Bank of Vincennes, 85 Ill. 423; Felsenthal v. Durand, 86 Ill. 230; Seymour v. Richardson Fueling Co., 205 Ill. 77; Grand Pacific Hotel Co. v. Pinkerton, 217 Ill. 61. While the release of one joint debtor usually discharges the one bound with him (Clark v. Mallory, 185 Ill. 227) this rule seems not to apply to a discharge by a composition in bankruptcy. Moore v. Stanwood, 98 Ill. 605. The record does not show why appellant was not entitled to maintain his original judgment by confession against Allen, less the amount of the composition. But this point has not been argued by appellant and is therefore waived.

The judgment is therefore affirmed.

*Affirmed.*

Mr. Justice CARNES, having tried the case in the court below, took no part in this decision.