**William G. Carnegie, Defendant in Error, v. John Dawney, Plaintiff in Error.**

**Gen. No. 18,176.**

1. TRIAL—*dismissal as to one joint defendant.* The rule that in a joint action *ex contractu* a dismissal as to one defendant effects a discontinuance of the entire action does not apply where the party against whom dismissal was had was not a party to the contract.

2. SET-OFF—*where claim is unliquidated.* In an action for an amount due for services rendered in making plans and specifications for a building, a claim for damages on the ground that plaintiff verbally directed the contractor to change the location of the building is not proper matter of set-off, being for unliquidated damages not growing out of the subject-matter of the contract.

Error to the Municipal Court of Chicago; the Hon. THOMAS F. SCULLY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed March 25, 1913.

KRUSE & PEDEN and R. C. MERRICK, for plaintiff in error.

JOHNSON & MOLTHROP, for defendant in error; J. ARTHUR JOHNSON, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

On hearing before the court without a jury judgment was rendered for plaintiff for $175 for services rendered in making plans and specifications for a building for defendant Dawney. One Hoyt was made a co-defendant, but as the evidence established no liability against him, a nonsuit as to him was taken. It is urged that the suit having been dismissed as to him should have been dismissed as to both defendants, but the fact that Hoyt was not a party to the contract, and therefore was improperly made a party to the suit, presents one of the recognized exceptions to the rule requiring in an action *ex contractu* against several defendants a discontinuance of the entire action when dismissed as to one of them. Mayer v. Brensinger, 180 Ill. 110; Grand Pacific Hotel Co. v. Pinkerton, 217 Ill. 61.

Dawney filed a claim of set-off for damages, claiming that plaintiff had, without authority or consent, changed the plans and caused the contractor to locate and erect the building farther back on the premises than defendant wanted or directed, and thus lessened its value.

That plaintiff was hired simply to make the plans and specifications and had nothing to do with the construction of the building is conceded. Changes of plans referred to consisted of certain pencil marks on a copy thereof made by plaintiff while being consulted by Schor, the general contractor of the building, respecting certain building lines. In this conference, which was sought by Schor because of Dawney's absence, he claims that plaintiff directed him to make a change of location from that shown by the original plans. Plaintiff denied giving any such order or direction, but testified he told Schor that he had nothing to do with the building except to make the plans, but if in Schor's place he would observe the building lines.

We have examined the evidence and think the court

was justified in finding that plaintiff made no change in the plans and that Schor assumed the responsibility of the change of location; and if the fact were otherwise as to the latter, we do not think it was a proper matter of set-off, being unliquidated damages not growing out of the subject-matter of the contract, which was merely for services in making plans and specifications.

The judgment will be affirmed.

*Affirmed.*