## Mrs. E. Perelson, Defendant in Error, v. Charles F. Podolsky and Mrs. Charles F. Podolsky, Plaintiffs in Error.

### Gen. No. 20,498.

· 1. BILLS AND NOTES, § 441*—*when evidence sufficient to show execution of note.* Evidence *held* to be sufficient to show a loan of money by plaintiff to defendant and the execution therefor by defendant of the note in suit.

2. INFANTS, § 19*—*when infancy defense to action on note.* The infancy of one of the makers of a judgment note not given for necessaries is a defense as to such infant in an action on the note brought during the continuation of his infancy.

3. INFANTS, § 23*—*when not deprived of right to disaffirm contract.* In an action against the makers of a judgment note for a loan, one of the makers being an infant, where it does not appear that the defendants have in their possession the money loaned, the infant defendant is not deprived of his right to disaffirm the obligation by the fact he received benefit from the transaction.

4. JUDGMENT, § 199*—*when setting aside as to one defendant does not affect validity as to other.* The setting aside against one defendant of a judgment against two defendants in an action on ·a judgment note on the ground of his infancy does not affect its validity as against the other.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1914. Affirmed in part and reversed in part. Opinion filed March 8, 1915. Rehearing denied March 22, 1915.

JOSEPH H. EDELSON, for plaintiffs in error; LEWIS F. JACOBSON, of counsel.

No appearance for defendant in error.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Judgment by confession was entered against the defendants on a judgment note signed by them. On motion to vacate, the court, after hearing testimony, denied the motion.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

By their testimony defendants sought to prove that the money for which they signed the note was a present to them from the plaintiff and that they thought they were signing simply a receipt instead of a note. Plaintiff denied that she gave the money as a gift to the defendants, and said it was a loan to them. We see no sufficient reason to disagree with the conclusion of the trial court in finding with the plaintiff on this question of fact. While the judgment is proper as to the defendant Mrs. Charles F. Podolsky, there was an adequate defense shown by Charles F. Podolsky, namely, his infancy when he signed the note. That he was a minor at this time, and still was a minor at the time of the trial, is undisputed. In the opinion in *Cole v. Pennoyer*, 14 Ill. 158, is a discussion as to what contracts by an infant are void or only voidable and the conclusion is stated thus: "The only contract binding on an infant is the implied contract for necessaries; the only act which he is under a legal incapacity to perform, is the appointment of an attorney. All other acts and contracts, executed or executory, are voidable or confirmable, by turn, at his election." No later decision has changed this rule, but rather it has been followed in numerous cases. It follows, therefore, that the power of attorney in the note was absolutely void as to Charles F. Podolsky.

We are not favored with any brief on behalf of the defendant in error, but if it should be said that the trial court was moved to hold the judgment good as to Charles F. Podolsky because no equitable reason appeared for relieving him from his undertaking, it is sufficient to reply that this is not a case for the application of equitable considerations. The defendants did not have in their possession the money obtained from plaintiff and, as is said in *Wuller v. Chuse Grocery Co.*, 241 Ill. 398, "the consideration, or such part of it as remains in the possession or control of the minor, must be returned, but if he has lost or expended it, so that he cannot restore it, he is not obliged to make

restitution.'' And the same case is authority for the statement that while a minor's disaffirmance of his obligation may operate injuriously and unjustly against the other party, the right to disaffirm exists for the protection of the infant against his own improvidence and may be exercised entirely at his discretion. The reason why the fact that an infant has received benefit should not deprive him of his right to disaffirm his obligation is stated in the opinion in *Coe v. Moon*, 260 Ill. 76, 83: ''To give effect to an infant's disaffirmance of his contract it is not necessary that the other party be placed in *statu quo*, for if the law in every case required restitution of the consideration as a condition precedent to the disaffirmance of a contract, it would often result in accomplishing indirectly what it expressly says shall not be done directly, and the purpose of permitting infants to avoid their contracts might often be thus defeated.''

Charles F. Podolsky having elected to disaffirm his obligation on the ground of his infancy, the trial court should have vacated and set aside the judgment against him. However, it does not follow that the judgment must be regarded as a unit, and if set aside as to one defendant must be set aside as to all. The exception to the usual rule in this respect is where one of the defendants pleads a personal defense, such as infancy, coverture, lunacy and the like. In such a case the judgment will be set aside as to him who pleads such defense, but will be held good against other defendants. *Briggs v. Adams*, 31 Ill. 486. Where a judgment is entered against an adult and an infant, the fact that the judgment is void as to the infant cannot invalidate the judgment against the adult. *Reid v. Degener*, 82 Ill. 508. See also *Lowis v. Conrad Seipp Brewing Co.*, 63 Ill. App. 345. The judgment against Mrs. Charles F. Podolsky is affirmed, and the judgment against Charles F. Podolsky is reversed.

*Affirmed in part and reversed in part.*