## Lewis Ceasy Umlauf, Appellee, v. Chacamas Tropical Products Company and Arista B. Williams, on appeal of Arista B. Williams, Appellant.

## Gen. No. 23,246.

1. APPEAL AND ERROR, § 578*—*when exception to judgment is unnecessary.* No exception is necessary to a judgment as to an error appearing on its face, in a case tried by the court without a jury, to secure a review of such error, especially since the amendment of section 81 of the Practice Act (J. & A. ¶ 8618).

2. JUDGMENT, § 200*—*when against one of defendants sued jointly is erroneous.* Where a declaration or statement of claim charges a joint liability, and one of the defendants shows that he was never liable, a recovery cannot be had against the other without dismissing the defendant not liable and amending the declaration or statement of claim by omitting the charge of joint liability, unless one of the defendants makes a personal defense, therefore a judgment, in such a case, in favor of the nonliable defendant and against the other is erroneous, nor does the fact that the former was improperly joined constitute an exception to the rule.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Reversed and remanded. Opinion filed December 28, 1917.

CASTLE, WILLIAMS, LONG & CASTLE, for appellant.

EDMUND W. FROEHLICH, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Lewis Ceasy Umlauf brought suit against the Chacamas Tropical Products Company, a corporation, and Arista B. Williams to recover $76.65. The case was tried before the court without a jury; there was a finding and judgment in favor of the defendant Chacamas Tropical Products Company. The court further found in favor of the plaintiff and against the defendant Williams for the amount of plaintiff's claim and entered judgment on the finding, to reverse which Williams prosecutes this appeal.

The evidence is not preserved in the record, and no question is urged except that the defendant Williams contends that in an action on a contract against several defendants, when they are all served, the judgment must be against all or none of them, unless one of the defendants interposes the defense of infancy, lunacy, bankruptcy or the like, and that it was error for the court to enter judgment in favor of one defendant and against the other.

Plaintiff contends that as the case was tried before the court without a jury, and as no exception was preserved to the finding or the judgment, no error can be assigned thereon. With this contention we cannot concur. Where error appears on the face of the judgment itself, no exception to the judgment is necessary. *Grand Pacific Hotel Co. v. Pinkerton*, 217 Ill. 61. Furthermore since the amendment to section 81 of the

Practice Act (J. & A. ¶ 8618), it is not necessary to save an exception of this character. *Miller v. Anderson,* 269 Ill. 608.

Where a declaration or statement of claim charges a joint liability, and one of the defendants shows that he was never liable, a recovery cannot be had against the other without dismissing the defendant not liable and amending the declaration or statement of claim by omitting the charge of joint liability, unless some of the defendants make. a personal defense—as infancy, lunacy, bankruptcy or the like. *Fuller v. Robb,* 26 Ill. 246; *Felsenthal v. Durand,* 86 Ill. 230; *Hem v. Allen,* 179 Ill. App. 223; *Grand Pacific Hotel Co. v. Pinkerton, supra.* Plaintiff admits this to be the general rule, but claims there is an exception where one of the defendants has been improperly joined, as where he is not a party to the contract in suit, and in support of this contention, the cases of *Carnegie v. Dawney,* 178 Ill. App. 413; *Grand Pacific Hotel Co. v. Pinkerton, supra; Mayer v. Brensinger,* 180 Ill. 110, are cited. We have examined all of the authorities cited, and, in addition, numerous cases decided by this and the Supreme Court of this State, and other authorities, and we have been unable to find a case where a finding and judgment was made in favor of one defendant and against the other. In the *Dawney, Pinkerton* and *Brensinger,* cases, *supra,* the defendant against whom no liability was proven was dismissed out of the case. We are therefore constrained to hold that the judgment in the instant case is erroneous and must be reversed.

The judgment of the Municipal Court of Chicago is reversed and the cause remanded.

*Reversed and remanded.*