## Charles A. Belke, Appellee, v. B. F. Bush, Receiver, and Wabash Railway Company, Appellants.

### Gen. No. 24,108.

1. APPEAL AND ERROR, § 469*—*when entering rule to answer interrogatories not preserved for review.* A judgment for plaintiff will not be reversed for the entering of a rule on defendant to answer certain interrogatories filed by plaintiff where the answers to the interrogatories are not in the record on appeal and it does not appear that they were brought to the trial court's attention.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*when error in denial of motion to strike statement of claim waived.* Error in denying a motion to strike a statement of claim from the files is waived on appeal where defendant failed to stand by his motion and subsequently filed an affidavit of merits on which the case was tried.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. TRIAL, § 304*—*when refusal of propositions of law improper.* Even though, after plaintiff has concluded his evidence, defendant has declined to introduce any evidence and the court has stated, "Judgment for the plaintiff," it is not proper practice for the court to deny the request of defendant, thereupon made, to be allowed to submit propositions of law.

4. RECEIVERS, § 46*—*what is proper form of judgment against.* In a judgment against a receiver no execution can be awarded, but the judgment should be made payable out of the funds in the receiver's hands in the due course of administration.

5. JUDGMENT, § 190*—*when against only one defendant improper.* In a suit against two defendants, judgment cannot properly be entered against one without disposing of the case as to the other.

6. RECEIVERS, § 46*—*when judgment against receiver and corporation in same suit improper.* A judgment cannot be entered against a receiver and a corporation in the same suit, as the judgment against the receiver is that it be paid in due course of administration, while the judgment against the corporation should award execution.

7. JUDGMENT, § 190*—*necessity of running against all parties alike.* A judgment in an action at law is a unit and must run against all alike.

8. APPEAL AND ERROR, § 1661*—*when error in rendering judgment against corporation and receiver not cured.* Error in rendering judgment and awarding an execution against a receiver and a corporation will not be cured on appeal by reversing the judgment and entering judgment against the corporation, nor by reversing and remanding with direction to the trial court to do so, even though the record discloses that plaintiff has a valid claim against the corporation.

Appeal from the Municipal Court of Chicago; the Hon. JOHN A. MAHONEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1918. Reversed and remanded. Opinion filed December 31, 1918.

JOHN GIBSON HALE, for appellants.

POMEROY & MARTIN, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Belke v. Bush et al., 213 Ill. App. 29.

Charles A. Belke brought suit against B. F. Bush, as receiver of the St. Louis, Iron Mountain & Southern Railway Company, and the Wabash Railway Company, to recover the value of two carloads of coal. The case was tried before the court without a jury; there was a finding and judgment in favor of plaintiff for the amount of his claim, $430.06, to reverse which defendants prosecute this appeal.

The evidence tends to show that the St. Louis-Carterville Coal Company shipped two carloads of coal from Herrin, Illinois, to the East Coal Company at Chicago, over the defendants' railroads, and while the cars were in transit plaintiff purchased the coal and the cars were reconsigned to him. The coal was not delivered to plaintiff nor to any one at his request, but apparently through some mistake it was delivered to other parties, so that it was entirely lost to plaintiff.

The defendants' first point is that the court erred in entering a rule on them to answer certain interrogatories filed by plaintiff. The answers to the interrogatories are not in the record, and it does not appear that they were brought to the attention of the trial court. Furthermore, the questions seem to be entirely proper.

The next point is that the court erred in denying defendants' motion to strike plaintiff's amended statement of claim from the files. This point is not before us, as it has been waived, the defendants having failed to stand by their motion, but subsequently filed an affidavit of merits on which the case was tried.

It is further argued that the court committed error in denying the defendants' motion for a continuance. It would serve no useful purpose for us to pass on this point, since the judgment must be reversed for another reason and a new trial had. This is also true of the point made upon the rulings of the court on the admission of evidence.

Complaint is also made of the refusal of the court to pass upon propositions of law submitted by the defendants at the close of the evidence. The record discloses that when plaintiff concluded his evidence, the court asked the defendants if they wished to introduce any evidence, and upon counsel's replying in the negative, the court said: "Judgment for the plaintiff." Thereupon counsel stated he would like to submit certain propositions of law. The court replied: "You are too late; judgment has been entered." The court then computed the amount due and entered judgment. We think the court should have permitted the propositions of law to be submitted and should have passed upon them. We are not at all in favor of the idea that the trial judge should endeavor to have the record in such condition that it cannot be reviewed by an Appellate tribunal, but on the contrary we think the policy of the law should be to permit such review, unless the party submitting slept on his rights, which we do not believe was the fact in the instant case. We do not hold that any of these propositions of law should have been held, nor would we reverse the judgment for this error, but since there must be a retrial, what we say may be of some assistance to the trial judge.

The judgment in this case runs against both the defendants and awards execution. In a judgment against a receiver no execution can be awarded, but the judgment should be made payable out of the funds in the hands of the receiver in due course of administration. *McNulta v. Ensch*, 134 Ill. 46. Counsel for plaintiff admit this to be the law, but say that since the record discloses that plaintiff has a valid claim against the Wabash Railway Company, we should reverse the judgment and enter judgment here against that company, or reverse and remand the case with directions to the trial court to do so. Since this suit is against two parties, judgment cannot properly be

entered against one without disposing of the suit as to the other. *Umlauf v. Chacamas Tropical Products Co.,* 209 Ill. App. 291. Moreover, a judgment cannot be entered against a receiver and another corporation in the same suit, for the judgment against the receiver is that it be paid in due course of adminstration, while the judgment against the other party should award execution. A judgment in an action at law is a unit and must run against all alike. *Eckels v. Henning,* 139 Ill. App. 660.

For the error in the judgment, which is one of substance, the judgment of the Municipal Court of Chicago is reversed and the cause remanded.

*Reversed and remanded.*