**Vermont Marble Company, Appellant, v. George G. Bayne et al., Appellees.**

**Gen. No. 8,637.**

128

Opinion filed May 22, 1933. Rehearing denied June 22, 1933.

BANGS, CRANE & SLATER and FLACK & KERMAN, for appellant; DRENNAN J. SLATER and ROBERT J. BUR-DETT, of counsel.

GUMBART & GRIGSBY, CHIPERFIELD & CHIPERFIELD, GEORGE A. FALDER and WALKER & O'HARRA, for appellees.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

Appellant agreed to furnish certain building marble for a mausoleum building at Clinton, Illinois, for the consideration of $4,350. Appellees, Wetzel, Carson and Bayne, respectively, together with one Philip E. Elting signed the following agreement:

"For value received, and as an inducement to Vermont Marble Company to make this contract, the undersigned hereby become surety for the full payment and faithful performance of said contract by the Purchaser, according to the terms thereof, and waives notice of any additions to or deductions from said contract in accordance with the terms thereof, and also notice of defaults; and consents that the Company may waive defaults and grant extensions of

time without notice and without in any way releasing or impairing this agreement.

        "Signed   Geo. G. Bayne
        "    "    Philip E. Elting
        "    "    G. Wilbur Wetzel
        "    "    J. E. Carson"

Subsequently Bayne, Wetzel and Carson wrote a letter to appellant containing the following:

"We hereby consent to and authorize you to release Mr. Philip E. Elting as a surety on your contract for marble, dated May 10th, 1926, with the American Mausoleum Company, upon the signing by Charles E. Dent of Tulsa, Oklahoma, in his stead, and without prejudice as to our signature.

        "Very truly yours,
        "(Signed)   Geo. G. Bayne
        "G. Wilbur Wetzel
        "J. E. Carson"

Thereafter appellee Dent wrote the following letter to appellant:

"Referring to American Mausoleum Company's letter of July 28th, signed by Mr. Geo. G. Bayne, Mr. G. W. Wetzel, and Mr. J. E. Carson, authorizing the release of Mr. Philip E. Elting as surety on your contract for marble dated May 10, 1926, with the American Mausoleum Company, I hereby agree to guarantee the amount of your contract in the place of Mr. Philip E. Elting.

        "Very truly yours,
        "(Signed)   Chas. E. Dent."

This is an action in assumpsit against Bayne, Wetzel, Carson and Dent to recover a balance of the purchase price of the marble, $3,998.53, including interest. Dent never signed the suretyship agreement and the defense is that appellant released Elting, one of the co-obligors on the agreement, without having Dent sign the same in accordance with a condition of their

letter consenting to such release of Elting and that the signing by Dent in the stead of Elting was a condition precedent to the consent or authority to release Elting and this condition not having been complied with the release of Elting was unauthorized by Bayne, Wetzel and Carson. The release of one co-obligor without the consent or authority of the others had the legal effect to discharge all from liability. *Benjamin v. McConnell,* 9 Ill. (4 Gil.) 536; *Rice v. Webster,* 18 Ill. 331; *Hem v. Allen,* 179 Ill. App. 223; *Clark v. Mallory,* 185 Ill. 227; *El Reno Grocery Co. v. Stocking,* 293 Ill. 494; *Scott v. Fowler,* 227 Ill. 104; *Brach v. Matteson,* 298 Ill. 387. A demurrer was sustained to the declaration and in this we think there was no error.

The judgment of the circuit court is, therefore, affirmed.

*Affirmed.*