Goodman American Ice Cream Company, Plaintiff and Appellant, v. Barney M. Mendelsohn and Herman M. Mendelsohn, Defendants. Herman M. Mendelsohn, Appellee.

Gen. No. 36,798.

Heard in the second division of this court for the first district at the June term, 1933. Opinion filed March 6, 1934.

SAMUEL SHKOLNIK, for appellant.

MICHAEL B. RODERICK, for appellee.

Mr. Justice Gridley delivered the opinion of the court.

On November 23, 1932, plaintiff caused a judgment by confession for $1,052.56, to be entered in the municipal court against defendants on their judgment note for $800, dated March 10, 1930, payable to plaintiff's order on or before six months with interest at six per cent per annum after date. The amount of the judgment included accrued interest and an attorney's fee. On November 30, 1932, upon the verified petition of Barney Mendelsohn, the court ordered that as to him the judgment be vacated and the suit dismissed, for the reason, as found, that he had duly been adjudicated a bankrupt, and on March 7, 1932, discharged from his obligation on said note. On November 30, 1932, also, on the verified petition of Herman Mendelsohn, the court ordered that the judgment as to him be "opened" but stand as security, that he be given leave to make his defense upon a trial, and that his petition and affidavit "stand as an affidavit of merits in the cause." Subsequently, by leave of court, he filed an additional affidavit of merits, setting up an additional defense. On February 17, 1933, there was a trial without a jury, resulting in the court finding the issues against plaintiff, and adjudging that the confessed judgment of November 23, 1932, against Herman Mendelsohn (hereinafter called defendant) be vacated, that plaintiff take nothing, and that defendant recover his costs, etc. The present appeal by plaintiff followed.

In defendant's said petition, as an affirmative defense to the note, he alleged in substance that he signed and delivered the note on March 10, 1930, at his Chicago office; that an employee of plaintiff, one M. W. Kingsley, exhibited the note which had already been signed by his brother, Barney Mendelsohn; and that he (defendant) signed the note because of the

statements and representations of said Kingsley then made, in substance as follows:

That plaintiff company (also known as Goodman American Corporation) had paid to *Barney* Mendelsohn the sum of $800; that the sum *"was a bonus* to *Barney* Mendelsohn because he had changed his ice cream business from the Wieland Ice Cream Co. to plaintiff company''; that because of the fact that there was some kind of a gentlemen's agreement between ice cream companies belonging to a certain Ice Cream Association (viz., that none of the companies would take away each others' customers by means of the paying of a bonus or gift), ''it would be necessary for me to sign said note with said Barney Mendelsohn, so that, in case of an investigation; plaintiff company would be able to show said note and say that there was actually a loan, and that my signature to said note would be impressive evidence to convince any investigator that the money so paid to *Barney* Mendelsohn was a loan''; that plaintiff company ''would never attempt to enforce payment of the note''; and that ''my signature would only be used for the purpose of shielding plaintiff company from any charge which might be made that it had paid a bonus for the privilege of taking away business from one of the companies which belonged to said ice cream association.''

And in said petition, defendant made the further defense in substance that because of said bankruptcy proceedings, the scheduling of the note therein and Barney Mendelsohn's discharge from his obligation on the note, the entry of the *joint* judgment by confession was erroneous as to *both* defendants. And in his additional affidavit of merits, filed January 23, 1933, defendant made the further defense that he signed the note only ''as a surety'' for Barney Mendel-

sohn, and that plaintiff failed to make any efforts to collect the note prior to the bankruptcy proceedings.

On the trial plaintiff, to make out its prima facie case, introduced the note in evidence, and also plaintiff's check for $800, dated March 12, 1930, payable to the order of *Herman* Mendelsohn, and having on its face a notation that the "item" for which it was given was a "note" for $800. The check bears the successive indorsements of "Herman Mendelsohn" and "Marquette Pharmacy, by Barney Mendelsohn," and is stamped as having been paid.

Thereupon defendant's attorney, after introducing a certain document in connection with the organization of plaintiff as an Illinois corporation in October, 1900, stated in substance that while the $800 "was loaned to *Herman* Mendelsohn" and he signed the $800 note "as a *co-maker*," yet he desired to make another and new defense (not stated in defendant's affidavits of defense) that said loan was "ultra vires" the plaintiff corporation. The document introduced did not even tend to prove said new defense and no further evidence to sustain it was introduced by defendant.

Thereupon, to sustain defendant's so-called "bonus" defense as stated in his petition, defendant testified at length, both on direct and cross-examination, and he called as a witness another brother, Philip Mendelsohn, and he introduced in evidence two certain bills rendered by plaintiff to the Marquette Pharmacy under dates of September 10, 1930 (date of maturity of said note) and October 12, 1931. Barney Mendelsohn did not testify. Defendant's testimony disclosed that he (Herman) was an attorney at law with an office in Chicago and had practiced his profession for 16 years; that Barney operated a drug store, under the name of the Marquette Pharmacy, at 1121 North State street, Chicago; and that Philip was in the employ of Barney as the manager of and as the pharmacist in

the store. And defendant testified as to his version of a conversation had with M. W. Kingsley, plaintiff's salesman, just prior to the delivery of the note on March 10, 1930.

On plaintiff's behalf, in rebuttal, said Kingsley and one Kritzman (another salesman of plaintiff) and Mark C. Goodman (sales manager of plaintiff) gave testimony, and, thereafter, both Herman and Philip Mendelsohn testified in sur-rebuttal. From the testimony of plaintiff's witnesses it appeared that for a considerable time *prior to* March 10, 1930, plaintiff had been supplying the drug store with ice cream, that about said date the business of the store was such that it needed money, and that an application for a loan was made to plaintiff, which resulted in said loan of $800 being made. At the conclusion of the hearing of the evidence the court entered the finding and judgment as above mentioned. And the record discloses that the trial judge said at that time:

''It will serve no good purpose for the court to go into the evidence in this case. To put it mildly, somebody is mistaken. . . . I can't imagine this ice cream company coming to a total stranger and giving him $800 without knowing anything about his responsibility. I am inclined to believe that the defendant never had any consideration for this note, and being of that opinion, as I say, there is no use of my discussing the evidence, because it will not help anybody. My conclusion is that this note was given, and this money advanced, for the purpose *of obtaining the business;* that being true, there will be a finding for defendant.''

It appears that the case was decided by the trial court in favor of defendant on the so-called ''bonus'' defense as stated in his petition as above set forth. But no useful purpose will be served in detailing the conflicting evidence. Suffice it to say that after a

careful consideration of all the evidence bearing upon said affirmative defense, we are of the opinion that it was not sustained by a preponderance of the evidence, that the court's finding was not warranted, and that the court erred in vacating the judgment as confessed against defendant. On cross-examination defendant testified that "he did not remember" whether he had prepared this note "in his office on his own typewriter," but that he "might have." If so, and if the sole reasons for his signing the note with his brother, Barney, were as stated in his said petition, it is difficult to perceive why he, an experienced attorney, should sign a *judgment* note, rather than an ordinary note. Furthermore, he testified to the effect that he had charge, as an attorney, of preparing the schedules in the bankruptcy proceedings for Barney and scheduled said note as a *valid obligation* of Barney. This action is at variance with the theory of defense to the note as afterward stated in said petition and advanced upon the trial.

And we do not find any evidence in the record to sustain defendant's further defenses, as stated in his additional affidavit of merits, that he signed the note "as a surety" and that plaintiff made no efforts to collect the note prior to said bankruptcy proceedings. The note itself shows that defendant was a joint maker with Barney and Goodman's testimony disclosed that repeated efforts to collect the full amount of the note from both Barney and defendant were made by plaintiff without avail.

And in our opinion there is no merit in defendant's further defense, as stated in his said petition, that after Barney had been discharged by virtue of said bankruptcy proceedings from his obligation on said note, the entry of a *joint* judgment by confession was erroneous as to *both* defendants, Barney and Herman. We think it was proper for the court, by its order of

November 30, 1932, to "vacate" the confessed judgment as to Barney, and to only "open" the said judgment as to Herman, for the purpose of determining upon a trial on the merits whether or not he was liable to plaintiff on said note. In *Seymour v. Richardson Fueling Co.*, 205 Ill. 77, 83, 84, it is said: "The rule that, where a money judgment is a unit as to all the defendants, the judgment must be against all or none, does not apply where a personal defense (such as a discharge in bankruptcy) is established as to one or more of the defendants." And in *Hem v. Allen*, 179 Ill. App. 223, 228, it is said: "Where one defendant sets up a defense like a discharge in bankruptcy, which has accrued to him since he signed the joint obligation, such defendant may recover his costs in a suit against both defendants, and yet the plaintiff may be entitled to a judgment against the other defendant." (See also *Byers v. First Nat. Bank of Vincennes*, 85 Ill. 423, 425; *Perelson v. Podolsky*, 191 Ill. App. 589, 591.)

For the reasons indicated the judgment of the municipal court of February 17, 1933 (vacating said confessed judgment of November 23, 1932, against defendant, Herman Mendelsohn, and entering a judgment against plaintiff for costs), is reversed, and judgment is entered in this court that said confessed judgment of the municipal court of November 23, 1932, for $1,052.56, as against said Herman Mendelsohn only, stand in full force and effect as of the date of its rendition. All costs are to be paid by said Herman Mendelsohn.

*Reversed and judgment here.*

SULLIVAN, P. J., and SCANLAN, J., concur.

Finding of facts: We find as facts in this case that the affirmative defenses of Herman Mendelsohn to the judgment note sued upon, as stated in his petitions or affidavits of merits, and as outlined in the opinion of this court this day filed, were not sustained on the

trial in the municipal court by a preponderance of the evidence, and that said Herman Mendelsohn, as a co-maker of said note, was indebted to plaintiff, Goodman American Ice Cream Co., on November 23, 1932, on said note, according to its tenor and effect, in the sum of $1,052.56.