## Land O'Lakes Creameries, Inc., Appellant, v. Andrew Dennis, Trading as Leras Candies and Leras Candies, Inc., Appellee.

### Gen. No. 45,041.

Opinion filed May 3, 1950. Released for publication May 23, 1950.

ALLEN, DARLINGTON & ELLIOTT, of Chicago, for appellant.

ALFRED M. LOESER and JOSEPH KROOTH, both of Chicago, for appellee.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an action to recover $517.01, the cost of merchandise sold and delivered by plaintiff to Andrew Dennis, d/b/a Leras Candies between December 2, 1947, and February 24, 1948. It is alleged that on February 28, 1948, Dennis transferred all right, title, and interest in his three stores to defendant corporation

without notice to plaintiff and that the corporation, through Dennis its agent, agreed to pay the debt which became an account stated between plaintiff and defendants March 23, 1948. The trial court struck Dennis' Defence and on May 5, 1948, entered a default judgment against him for $517.01. On May 5, 1949, in an *ex parte* proceeding upon the statement of claim and corporation's answer, the Court entered judgment against the corporation for $387.76. On August 26, 1949, judgment was entered against the South East National Bank of Chicago as garnishee for $401.86.

On September 16, 1949, the defendants joined in a petition to vacate the May 5th, 1949 judgment under Section 21 of the Municipal Court Act. Plaintiff answered the petition. The facts pertinent to the question of law presented are not controverted. Before the judgment against the corporation in 1949, defendant Dennis filed a petition in bankruptcy. Plaintiff filed a claim in that proceeding and subsequently accepted a payment of $129.25 under the bankruptcy composition. Thereafter in the *ex parte* trial of the issues between plaintiff and defendant corporation, the Court was advised of the composition payment and it was credited to defendant corporation and resulted in a judgment for the balance due of $387.76. The main question of law is whether the acceptance by plaintiff of the composition dividend precluded plaintiff's recovery against the defendant corporation.

On September 23, 1949, the Court decided the factual issues presented by the petition and answer thereto "including the issue of defendant's diligence" in favor of plaintiff. It found as a matter of law that receipt of the composition payment of $129.25 by plaintiff constituted a full satisfaction of plaintiff's claim for all purposes and that plaintiff therefore was not entitled to judgment against the corporation and that the May 5, 1949, judgment for plaintiff against defendant cor-

poration was void. It ordered the judgment vacated, set aside, and held for nought; vacated the garnishment judgment against the South East National Bank entered August 1, 1949, and quashed the garnishment proceeding.

■ There is no question now of the liability of the corporation for the debt nor that the pleadings and evidence support the judgment. Defendant corporation begs the question in assuming that plaintiff violated the composition by accepting the dividend and then proceeding to the May 1949 judgment. Plaintiff did not violate the composition agreement. That agreement pertained to the individual, not to the corporation. There is no contention that the judgment against the corporation was in fraud of the latter's other creditors. No case cited by defendant corporation is authority for its claim that plaintiff's acceptance of the composition dividend barred that judgment. The case of *Hem v. Allen,* 179 Ill. App. 223, cited by defendant is impliedly against its contentions.

We see no merit to the contention that after receiving the composition dividend, plaintiff was not a creditor of the defendant corporation. The defendant corporation was a stranger to the bankruptcy proceeding and the composition in favor of the individual defendant was entitled to no further effect than the credit which was given the corporate defendant in the judgment rendered against it. There is no contention by plaintiff that the composition agreement was not valid.

■ Since all factual issues were resolved against the defendant and there is no cross appeal, the question of the agreement by plaintiff's attorney to dismiss the case is not before us.

The trial Court clearly committed error in deciding that plaintiff's judgment against the corporate defendant was void because of its acceptance of the composition dividend in the bankruptcy proceeding of the

individual defendant. It follows that its decision vacating that judgment and the judgment against the South East National Bank of Chicago, garnishee, was error. The order is reversed and the cause is remanded with directions to deny the petition to vacate.

*Reversed and remanded.*

·Lewe, P. J., and Burke, J., concur.