## Wedding v. First Nat. Bank, Inc., of Chicago.

Nov. 24, 1939.

John P. Haswell and James E. Fahey for appellant.

Bruce & Bullitt for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—
Affirming.

A cognovit note for $2,576.65 was executed to the Forman-State National Bank on December 22, 1933, by the Jiffey Manufacturing Company through C. C. Wed-

ding, president, and J. R. Finklestein, H. W. Brown and C. C. Wedding, signed the note as sureties. This note was due March 22, 1934, or at any time the payee "feels unsafe or unsecure for any reason whatsoever," and it was a renewal of the unpaid balance of a $5,000 note the makers had executed to the bank in 1930.

The note is quite long, covering almost four single spaced typewritten pages, hence we will not quote in full but will give the substance of the parts relating to this transaction. It contained a power of attorney, usually referred to in such notes as a warrant of attorney, authorizing any attorney of any court of record to appear in such court in term time or vacation and confess judgment, without process, against the makers, guarantors and indorsers in favor of the legal holder of the note for the balance due, including costs and reasonable attorney fees; it further provided a waiver and release of all errors in such proceeding and that no appeal would be prosecuted and that immediate execution might issue upon such judgment.

Wedding maintained an office in Louisville, but resided at Goshen, Oldham County, Kentucky, and the note was signed in Goshen and forwarded to Brown in Chicago, to be delivered to the payee, which Brown did. The payee, Forman-State National Bank, at the time it received this note, was being liquidated by the First National Bank of Chicago, and the Forman-State National Bank acting by James R. Galligan, assistant cashier, soon after receiving the note indorsed it to the order of the First National Bank. On March 7, 1935, which was long after the maturity of the note, the First National Bank instituted action thereon against the makers in the municipal court of Chicago, a court of general jurisdiction; and E. A. Wagner, a duly licensed attorney of that court, filed a cognovit wherein he confessed judgment against the makers of the note for the face of the note, interest, court costs and $211.23 attorney's fee, without any notice or process being served upon the makers. The record shows that such procedure is authorized under the law of the State of Illinois.

This action was instituted in the Jefferson Circuit Court on a copy of that judgment duly authenticated according to the Act of Congress to enforce same against the appellant, Wedding. He filed a general demurrer to the petition and after that was overruled he filed an an-

swer which as amended questioned the title of the appellee to this note and averred that the Illinois court never had jurisdiction over him; that the judgment was obtained without due process of law by a legal fraud; that he was denied equal protection of the law which is guaranteed him by the Fifth and Fourteenth Amendments of the United States Constitution, U. S. C. A.; that the cognovit was obtained by fraud and misrepresentation. The issues were joined by appropriate pleadings, and upon a trial of the case the court peremptorily instructed the jury to find for the plaintiff as Wedding introduced no proof that the note was procured by fraud or misrepresentation, or that the Illinois court did not have jurisdiction, or that it rendered the judgment without due process of law. A judgment was entered upon the verdict for the full amount sued for after the bank had remitted the $211.23 attorney's fee recovered in the Illinois judgment, and Wedding prosecutes this appeal assigning the following errors: (1) The petition is defective in alleging the First National Bank existed by virtue of the laws of the State of Illinois; (2) this note is not a negotiable instrument and the First National Bank never took title to it and was not entitled to judgment in Illinois; (3) the contract is to be governed by the law of the State of Kentucky and is not enforceable under Kentucky Statutes, Section 416; (4) even though the contract should be governed by the Illinois law, it contravenes public policy of the State of Kentucky as promulgated under Kentucky Statutes, Section 416 and the Illinois judgment will not be enforced in this state.

Any defect there might be the petition because it averred the First National Bank was organized under the State of Illinois was waived by the appellee. The general demurrer he filed to the petition did not reach this alleged defect which could only be attacked by special demurrer or by a pleading under Section 118 of the Civil Code of Practice, and appellant filed no special demurrer, nor any plea under Section 118. A misnomer in the plaintiff's name may be reached by a plea in abatement, but a plea in bar will not lie against such misnomer. Strange v. Price, 191 Ky. 734, 231 S. W. 532; Morgan's Trustee v. Morgan, 237 Ky. 69, 34 S. W. (2d) 945. The word "national" may not be used as a part of the name of any bank unless it be chartered under the laws of the United States. U. S. R. S., Section 5243, 12 U. S. C. A., Section 583; and courts take

judicial notice of this fact. First National Bank of Jacksonville v. First State Bank of Jacksonville, Tex. Com. App., 291 S. W. 206. Nor can we agree with appellant that this note is not negotiable because it contains a warrant of attorney wherein judgment may be confessed before maturity. This point was decided contrary to appellant's contention in Beard v. Baxter, 258 Ill. App. 340, and cases therein cited, where it was expressly held that a promissory note containing a warrant of attorney to confess judgment either before or after maturity of the note, does not prevent it from being negotiable.

Appellant argues that as this contract was executed in Kentucky it is governed by the laws of this state even though the note was payable in Chicago, and cites William Glenny Glass Company v. Taylor, 99 Ky. 24, 34 S. W. 711, 17 Ky. Law Rep. 1331; Troendle v. Highleyman, Ky., 113 S. W. 812. These cases do hold that where a note is signed in one state and is payable in another, that the place of payment does not necessarily determine that the contract is to be construed according to the laws of that state; but it is a question of the intention of the parties, and all the facts and circumstances must be considered in arriving at what this intention was in determining what law the parties intended to look to as controlling their rights under the contract. In this instance, the money had been borrowed in Chicago and the contract was in a form peculiar to the state of Illinois which was not in use in Kentucky and was forbidden under Section 416, Kentucky Statutes, hence, it cannot be doubted that when Wedding signed the note contract he intended that the Illinois law and not the Kentucky law would determine his rights under the contract. In Sovereign Camp, Woodman of the World, v. Havas, 217 Ky. 846, 290 S. W. 690, this court wrote that as a general rule the place where the final act occurs which binds the parties to the contract determines the place of performance and the law of the place of performance governs the validity and construction of the contract. Taking into consideration that the delivery of the note occurred in Illinois, which was the final act that made it binding on Wedding, and that the note recited the remedy the payee was to follow in the collection of the note in case of non-payment which was peculiar to Illinois and not recognized in Kentucky, convinces us this contract is governed by the law of Illinois.

This action was instituted to enforce a judgment which is valid in Illinois and which was rendered by the municipal court of Chicago in an action brought in compliance with the laws of that State. The important question is, shall Kentucky give full faith and credit to this judgment under Article 4, Section 1, of the Constitution of the United States, U. S. C. A.? Section 416 Kentucky Statutes, reads:

> "Powers of attorney to confess judgment, or to suffer judgment to pass by default, or otherwise, and every release of errors given before an action is instituted, are declared void."

And Sections 417 and 418 of the Kentucky Statutes, subject any attorney who appears under such power of attorney to a penalty of $1,000 in favor of the defendant against whom he confesses judgment and makes the attorney liable in damages to the aggrieved defendant. Do Sections 416, 417 and 418, Kentucky Statutes, establish the Illinois proceeding by which this judgment was obtained as being so out of line with our own procedure as to prevent the courts of Kentucky from enforcing it?

Florida has a statute declaring void all powers of attorney executed before an action is instituted authorizing a confession of judgment, yet, in Carroll v. Gore, 106 Fla. 582, 583, 143 So. 633, 637, 89 A. L. R. 1495, the Florida court enforced a judgment of an Illinois court rendered on a cognovit note containing a warrant of attorney. In answer to the argument that a recognition of the Illinois judgment contravened the public policy of the State of Florida, the court used this language:

> "In conclusion, our opinion is that a judgment entered under a warrant of attorney to confess judgment without process, authorized under the laws of the state where made, will not be denied enforcement in this state merely because the statutes of this state prohibit confessions upon warrant of attorney 'before such action brought.'"

In Egley v. T. B. Bennett & Co., 196 Ind. 50, 145 N. E. 830, 831, 40 A. L. R. 436, a note containing a warrant of attorney for the confession of judgment was executed in Indiana but was payable in Illinois. After judgment was confessed in Illinois, suit was brought in Indiana to enforce the Illinois judgment and in meeting the contention that the judgment should not be recognized in Indi-

ana because it was against public policy of that state, the court said:

> "We have no statute or positive law which prohibits the making of such a contract as herein involved, or that makes such a contract absolutely void. It is merely unenforceable in this state. This would not justify us in holding that it is against public policy to recognize that a citizen of this state might not execute in Indiana a contract of this kind that was to be performed in another state where such performance would be legal."

There is a dissenting opinion in this case which appears to have lost sight of the distinction between a note, containing a warrant of attorney, executed in Illinois to be enforced in Indiana, and such a note executed in Indiana payable and to be enforced in Illinois. Such a distinction is clear as was pointed out in Bernard Gloeckler Company v. Baker Company, Tex. Civ. App., 52 S. W. (2d) 912, 914, wherein the Texas Court refused to enforce a Pennsylvania judgment rendered by confession through a warrant of attorney on a note which the parties by their contract intended to be enforced in Texas. Like Kentucky, Texas has a statute forbidding the confession of judgment prior to the institution of the action, hence, Texas refused to give effect to this Pennsylvania judgment, but the court said:

> "We might have a very different question presented had the notes been made in Texas, but made performable in Pennsylvania. Hastings v. Bushong (Tex. Civ. App.) 252 S. W. 246."

The Hastings case enforced an Illinois judgment rendered on a cognovit note and said [252 S. W. 249]:

> "From a careful consideration of the facts of this case and the authorities presented, as much as we condemn judgments so obtained, yet it is the law of the forum where obtained, and approved by the court trying said cause in Illinois. We feel it our duty to support that judgment, and give it full faith and credit."

The great weight of authority holds that judgments obtained by confession under a warrant of attorney where the place of performance of the contract is in the state wherein judgment is rendered in conformity with the procedure of its courts, will be given full faith and

credit even in states were such procedure is frowned on. Cuykendall v. Doe, 129 Iowa 453, 105 N. W. 698, 3 L. R. A., N. S., 449, 113 Am. St. Rep. 472, and annotations therein. See annotations in 40 A. L. R. 441 and in 89 A. L. R. 1503; 34 C. J. Sections 278, 285, 286, 1602, 1603, found on pages 104, 106, 107, 1125 and 1127 respectively; also 15 R. C. L. Sections 395, 404 and 415, found respectively on pages 916, 924 and 936.

The fact that Kentucky statutes forbid such contracts should not prevent us from giving full faith and credit to an Illinois judgment where the parties intended their transaction should be governed by the Illinois law. The objectionable part of this contract relates to court procedure which defines the route to travel in reducing this note to judgment. It is well recognized that court procedure differs widely in the many states of the Union, and chaos would follow if the courts of one state would refuse to give full faith and credit to the judgments of the courts of a sister state merely because of a difference in procedure. However much as we may dislike the procedure by which this Illinois judgment was obtained, it is in conformity with the law of the forum rendering it, and the fact that Kentucky by statute forbids such procedure is no reason to hold the judgment is inimical to our public policy.

Judgment affirmed.