Isabelle Martinez, Appellee, v. Mary Cogan et al., Defendants. Milton L. Cogan, Appellant.

Gen. No. 42,532.

Opinion filed November 4, 1943. Rehearing denied November 23, 1943.

J. KENTNER ELLIOTT and HERMAN M. COGAN, both of Chicago, for appellant.

PAUL B. FISCHER, of Chicago, for appellee; KELLAM FOSTER, of Chicago, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

On February 11, 1933, plaintiff, in the municipal court of Chicago, obtained a judgment by confession against Mary Cogan, Milton L. Cogan and Barney Taub in the sum of $2,167. On May 6, 1942, plaintiff filed a suit to revive the judgment against the three defendants in the original suit. On July 22, 1942, plaintiff filed an amended statement of claim, as follows:

"The plaintiff claims as follows:

"1. The plaintiff, on the 11th day of February, 1933, recovered in this court in Case No. 2764649 a judgment against the defendants for $2167.00 and $29.20 costs.

"2. Said judgment is in full force and there is due thereon from the defendant to the plaintiff the sum of $2196.20 with interest thereon at the rate of 5% per annum from the 11th day of February, 1933.

"The plaintiff claims a revival of the judgment."

Defendant Milton L. Cogan entered his appearance and filed his verified defense, the material parts of which read as follows:

"...

"2. He denies that the said judgment mentioned in paragraph 2 of plaintiff's said statement of claim is in full force and effect as to him or that there is due from him thereon the sum of $2,196.20, or any sum.

"3. Further answering he says: That

"(a) On March 23, 1933, and after the entry of the plaintiff's said judgment, said judgment being a provable claim in bankruptcy, he was adjudicated a bankrupt by the District Court of the United States for the Northern District of Illinois, Eastern Division, in cause No. 52668 thereof, entitled 'In the Matter of M. L. Cogan, also known as Milton L. Cogan, Bankrupt'; the plaintiff's claim was scheduled among the debts of said bankrupt.

"(b) On June 26, 1933, the defendant obtained his order of discharge in said proceeding whereby he was released from plaintiff's claim."

Plaintiff made a motion to strike defendant Milton L. Cogan's defense, upon the following grounds: "(1) Said Defense, and each paragraph thereof and particularly the 3d paragraph and said sub-sections thereof does not set up a sufficient defense in law to a revival of the judgment. (2) A discharge in Bankruptcy is no defense to a suit to revive judgment."

On September 2, 1942, the trial court entered the following judgment:

"This cause coming on for hearing upon the motion of the plaintiff heretofore entered herein to strike defendants' defense and for judgment and the Court being fully advised in the premises sustains said motion.

"Now comes the plaintiff in this cause and moves the Court for judgment on Scire facias and the Court being fully advised in the premises sustains said motion and thereupon it is ordered that judgment of February 11th, 1933, against defendants Mary Cogan, Milton L. Cogan and Barney Taub, for Twenty One hundred Sixty-seven and 00/100 Dollars, be and the same is hereby revived as to defendants, Milton L.

Cogan and Mary Cogan for full amount and that said judgment stand in full force and effect for the total amount thereof, as of the date of rendition of said judgment, together with the costs by the plaintiff in that behalf expended, and it is further considered that the plaintiff have and recover of and from the defendant said sum of money, and also the costs by the plaintiff in said former proceeding as well as in the proceeding on this writ of scire facias expended, and interest on the amount of said judgment and on the costs of said prior proceeding from the date of rendition of said judgment to the date of payment thereof, and that execution issue for said sums of money against said defendants.''

Defendant Milton L. Cogan (hereinafter called appellant) appeals from that judgment and contends that the trial court erred in striking the statement of defense and in entering the judgment in question.

It will be noticed that the judgment is an unqualified revival of plaintiff's original judgment against appellant, that it adjudges costs against him and orders a general execution to issue against him for the collection of plaintiff's judgment of 1933, the costs of that judgment and the costs of the revival of judgment proceeding. It is clear that the motion to strike the statement of defense was based upon point (2) in plaintiff's motion to strike, *viz.*, that ''a discharge in Bankruptcy is no defense to a suit to revive judgment.'' Such is not the law and plaintiff has failed to cite any authority to sustain the position she assumed in the trial court. It is the established law that a discharge in bankruptcy is *prima facie* evidence of a release from all provable debts. As we understand plaintiff's position *in this court,* she now concedes that a discharge in bankruptcy terminates the personal liability of the debtor, but she contends that the discharge in bankruptcy did not avoid the judgment lien she obtained within four months prior to the filing of the petition for

bankruptcy, except as to assets which were scheduled and administered in bankruptcy, and that a "refusal to revive the judgment here involved would nullify all right and possibility of plaintiff to proceed against (a) unscheduled assets, (b) assets fraudulently conveyed prior to the discharge in bankruptcy and not administered, and (c) assets abandoned by the trustee." The record shows that no such position was taken by plaintiff in the trial court and the point made here is an afterthought and without merit. Plaintiff further contends that the burden was upon appellant to protect himself against wrongful levy upon property not subject to the lien of the revived judgment by having the instant judgment order prohibit levies on all after acquired property, and that as he failed to ask for such relief the judgment should be affirmed.

In *VanNorman v. Young,* 228 Ill. 425, 430, the court said:

"The court instructed the jury that the burden of proof was upon the plaintiffs in error to show that their debt from defendant in error was not barred by his discharge in bankruptcy. The authorities upon the question as to where rests the burden of proof in such case are not in entire harmony. We think, however, the better rule is that a discharge in bankruptcy is presumed to cover all the debts of the bankrupt, and that the introduction in evidence by the bankrupt, when sued, of a certified copy of the order of discharge, or other proof of his discharge in bankruptcy, is *prima facie* a bar to the claim sued on, and that the burden of proof is upon the plaintiff to show that the claim sued on is not within the terms of the bankrupt's discharge. (Collier on Bankruptcy, p. 174; Brandenburg on Bankruptcy, sec. 433.) In *Sherwood v. Mitchell,* 4 Denio, 435, it is said: 'The discharge is presumptive evidence of all the facts asserted in it, and is conclusive until overthrown by evidence of some fraud which by the act avoids it. Debts arising out of a violation of an

official or private trust are not affected by it unless the creditor chooses to prove the demand under the bankruptcy. The discharge, it is' true, is general in its terms, and *prima facie* is a discharge of the bankrupt from all his debts. But the creditor may, notwithstanding, show that his debt is of the excepted class. The *onus* however, is on him, and if he fails to make proof the debt will be taken to be one of an ordinary character.' ''

In *Alling v. Straka,* 118 Ill. App. 184, the court follows the rule laid down in the *VanNorman* case and holds that if the plaintiff contended that the debt sued on fell within one of the exceptions in the Bankruptcy Act *it was a matter of reply for the plaintiff to make and the burden would be upon her to prove the facts set up in the replication.* The court further states that if the plaintiff in that case had alleged in her declaration that the debt was an excepted one, for reasons given, she would have been held to the proof of such allegation in the first instance.

Appellant, in his statement of defense, made out a clear *prima facie* defense as to the judgment sought to be revived, and if appellant at the time of the discharge in bankruptcy had assets that were not scheduled or administered upon in the bankruptcy proceedings, the burden was upon plaintiff to allege the facts by way of a replication. Had she filed a replication that alleged facts sufficient to evade the effects of the discharge as to her judgment, the burden would have been upon her to prove the facts alleged in the replication. Plaintiff, however, proceeded in the lower court upon the theory that a discharge in bankruptcy was no defense to a suit to revive a judgment.

In this court, plaintiff asserts that as the original judgment was against three defendants jointly it could only be revived as to all defendants or none, and that a denial of revival as to appellant would destroy plaintiff's right to revive as to the other defendants. This

technical argument is an afterthought and without merit. As we have heretofore stated, the instant judgment is an unqualified revival of plaintiff's original judgment against appellant, and plaintiff's contention, if sustained, would deprive appellant of his right to set up his discharge in bankruptcy as a defense, as to him.

In *Goodman American Ice Cream Co. v. Mendelsohn,* 274 Ill. App. 253, we said (pp. 258, 259):

"And in our opinion there is no merit in defendant's further defense, as stated in his said petition, that after Barney had been discharged by virtue of said bankruptcy proceedings from his obligation on said note, the entry of a *joint* judgment by confession was erroneous as to *both* defendants, Barney and Herman. We think it was proper for the court, by its order of November 30, 1932, to 'vacate' the confessed judgment as to Barney, and to only 'open' the said judgment as to Herman, for the purpose of determining upon a trial on the merits whether or not he was liable to plaintiff on said note. In *Seymour v. Richardson Fueling Co.,* 205 Ill. 77, 83, 84, it is said: 'The rule that, where a money judgment is a unit as to all the defendants, the judgment must be against all or none, does not apply where a personal defense (such as a discharge in bankruptcy) is established as to one or more of the defendants.' And in *Hem v. Allen,* 179 Ill. App. 223, 228, it is said: 'Where one defendant sets up a defense like a discharge in bankruptcy, which has accrued to him since he signed the joint obligation, such defendant may recover his costs in a suit against both defendants, and yet the plaintiff may be entitled to a judgment against the other defendant.' (See also *Byers v. First Nat. Bank of Vincennes,* 85 Ill. 423, 425; *Perelson v. Podolsky,* 191 Ill. App. 589, 591.)" (See, also, *Webster Mfg. Co. v. Pike County Coal Co.,* 279 Ill. App. 565, 570, 571; *The Michels Co. v. Young,* 150 Ill. App. 442, 447.)

The judgment of the municipal court of Chicago is reversed and·the cause is remanded with directions to the trial court to vacate the order striking appellant's statement of defense from the files and to enter an order denying said motion to strike and for further proceedings not inconsistent with this opinion.

*Judgment reversed and cause remanded with directions.*

FRIEND, P. J., and SULLIVAN, J., concur.