Columbia Hardwood Lumber Company, Appellee, v. E. Kopriwa Company and Albert E. Lake. Albert E. Lake, Appellant.

Gen. No. 43,368.

Heard in the first division of this court for the first district at the April term, 1945. Opinion filed June 25, 1945. Released for publication July 19, 1945.

ALBERT E. LAKE, *pro se.*

NOLAN H. TEPPER, of Chicago, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

July 27, 1944, plaintiff brought a civil action to re- .vive a judgment entered in its favor on January 26, 1932, against the defendants for $300.39 and costs. In the statement of claim filed in the original suit plaintiff alleged that its claim was for a balance due on a promissory note executed by the defendant, E. Kopriwa Company, a corporation, and guaranteed by the defendant Albert E. Lake. In the instant case, upon filing the statement of claim, summons issued against the two defendants and the return of the bail-iff shows that he served Lake. And counsel for Lake says that the bailiff was directed to serve Lake only. Lake filed his appearance and his answer in which, among other things, he averred "That no revival is sought as to the E. Kopriwa Company, a Corporation." His answer and his second answer filed by leave of court, were stricken and it was ordered that the judgment of January 26, 1932 be revived against the defendant Lake for $292.44, part of the judgment having in the meantime been paid. Lake appeals.

■ Counsel for Lake contends that a joint judgment cannot be revived as to one of two defendants. Where it is sought to revive a joint judgment against one of several defendants, the judgment cannot be revived as to one unless one of the defendants interposes a personal defense such as his discharge in bankruptcy, or the like. *Martinez v. Cogan,* 320 Ill. App. 468.

■ On the other side counsel for plaintiff contends that "The common law rule that a joint judgment may not be revived as to one of the defendants has been changed by statute, and in any event, will not apply where the other defendant is a dissolved corporation." And § 50 [Par. 174] of the Civil Practice Act, ch. 110, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 104.050] is cited. We think § 50 is in no way applicable to the facts in the case before us. Counsel further says in discussing an authority cited by de-

fendant, which was an action to revive a judgment as to one of the defendants: "That case held that a judgment may not be revived against a surviving judgment debtor without joining the personal representative or the heirs of the deceased codefendant. That case did not involve a dissolved corporation, and cannot be construed to be authority for the proposition, which in effect the defendant is here contending for, that a revival may not be obtained against him without seeking a revival against a corporation which, as a matter of public record, has been dissolved some twelve years ago. If it be a fact that appellee is precluded from relying on that public record, because not a part of the original record on appeal, it is submitted that a grave doubt exists as to the defendant's good faith in raising that point; he was the treasurer of the dissolved corporation and, it is reasonable to assume, knew of the dissolution of the corporation." The difficulty with this argument is that there is nothing in the record before us that shows the defendant, E. Kopriwa, a corporation has been dissolved.

Lake in his answer averred that plaintiff did not seek to revive the judgment against the E. Kopriwa Company, a corporation. No answer was made by plaintiff to this, which might have been easily done if the corporation had been dissolved, but on the contrary, plaintiff moved to strike the answer. In this state of the record the order of the court striking the defendant's answer and reviving the judgment against Lake was erroneous.

The judgment of the Municipal court of Chicago is reversed and the cause remanded.

*Reversed and remanded.*

MATCHETT, P. J., and NIEMEYER, J., concur.