Alfred K. Foreman, Receiver, Chicago Bank of Commerce, Appellee, v. Illinois Hair and Feather Company, Inc., and S. R. Posner, Defendants. S. R. Posner, Appellant.

Gen. No. 44,331.

Opinion filed March 1, 1949. Released for publication April 26, 1949.

IRVING BREAKSTONE, of Chicago, for appellant.

AARON SOBLE, of Chicago, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

On July 11, 1933, a judgment by confession was entered for $980.93 and costs against the Illinois Hair and Feather Co., Inc., and S. R. Posner. On February 4, 1947, John W. F. Smith, as receiver of Chicago Bank of Commerce, executed an assignment of the judgment to R. L. Feltinton. The assignment recited that there was then due on said judgment the sum of $698.93. The assignment was filed in the office of the Clerk of the Municipal Court of Chicago on March 13, 1947, and on that date Feltinton filed *scire facias* proceedings against the Illinois Hair and Feather Co., Inc., and S. R. Posner, to revive the judgment entered July 11, 1933. Summonses were issued and served on the Illinois Hair and Feather Co., Inc., and S. R. Posner. It appeared from an affidavit filed by S. R. Posner, defendant, that the Illinois Hair and Feather Co., Inc., was dissolved by law on November 22, 1938, and the service of summons upon the said company was, by agreement of plaintiff and S. R. Posner, defendant, quashed. The second amended defense filed by Posner, defendant, was stricken and the original judgment was revived against Posner for $698.93 and costs, it appearing that part of that judgment had been paid. S. R. Posner, defendant, appeals from the *scire facias* judgment.

Defendant S. R. Posner, hereinafter called appellant, makes the novel contention that ''judgment entered by confession under a warrant of attorney cannot be revived by *scire facias*,'' and in support of the contention cites the statute Westm. 2, 13 Edw. I, Ch. 45, 1 Halsbury L. Eng. 38, which he claims is still in force in this State, and he argues that it would violate that statute to permit a judgment entered by confession under a warrant of attorney to be revived by *scire facias*. The counsel admits that judgments obtained by confession upon warrant of attorney have always been revived by the Illinois courts, but he states that this practice has prevailed because no one heretofore

questioned it. It would be difficult to estimate, even approximately, the number of the cases wherein judgments entered by confession under a warrant of attorney have been revived by *scire facias* in the Illinois courts, and if appellant's interpretation of the English statute is correct, and if that statute is still in force in this State, it is strange that a practice that has always prevailed in this State has never been questioned by court or counsel until the present proceeding. We certainly refuse to hold, in the absence of any Illinois law to sustain such a holding, that the practice always followed in this State violated the law. However, we think that the instant contention may be disposed of, and adversely to appellant, by a reference to the statute law of this State:

Sec. 50 (5) of the Civil Practice Act (Ch. 110, par. 174, sec. 50 (5), Ill. Rev. Stat. 1947 [Jones Ill. Stats. Ann. 104.050, subpar. (5)]) provides:

"Any person for a debt bona fide due may confess judgment by himself or attorney duly authorized either in term time or vacation, without process. . . ."

Par. 24b of the Limitations Act (Ch. 83, par. 24b, sec. 25, Ill. Rev. Stat. 1947 [Jones Ill. Stats. Ann. 107.284(2)]) provides:

"Judgments in any court of record in this State may be revived by scire facias, or by ordinary civil action in lieu of scire facias as provided by the Civil Practice Act . . . : Provided, however, that actions to revive judgments in any court of record in this State by scire facias shall be commenced by affidavit of the judgment creditor or creditors, his or their agents, attorneys or assigns, setting forth a description of the original judgment by title of the action, date and amount thereof . . . ."

That a judgment by confession under a warrant of attorney is embraced in par. 24b was determined, we think, in *Schwartz v. Schwartz,* 366 Ill. 247. That case involved a bitter fight between two brothers, William

Schwartz and Emanuel Schwartz, who had been partners in business. A dissolution of the partnership took place whereby William purchased the interest of Emanuel in the business, and in part payment thereof gave certain promissory notes which contained a power of attorney to confess judgment. They differed, however, from the usual judgment note in that the power to confess judgment became operative only upon maturity of the note. Thereafter a disagreement arose between the two brothers, and although they resided in the same home with their father, ate at the same table, and slept in the same room, they did not speak to one another. On March 24, 1932, Emanuel caused judgment to be entered upon one of the notes for $15,000 due March 1, 1932. William filed a motion to set aside the judgment and accompanied the motion with a tender of the principal and interest due to March 1, 1932. Emanuel accepted the tender and dismissed the suit. William then commenced a suit against Emanuel for malicious prosecution, in which he charged that Emanuel *maliciously contrived* "to injure him in his good name and credit, and to wrongfully and maliciously cause him unnecessary expense and loss of financial credit in his business and to ruin him financially, *had put this note in judgment . . . .*" (pp. 248, 249) In the trial court William recovered a judgment for $50,000, which the Appellate court for the Second District reversed without remanding. In the Supreme court William, the appellant, in order to sustain his contention that the entry of judgment, *in the manner it was taken,* showed malice, insisted that a judgment in *narr* and *cognovit* is not an ordinary civil suit like one begun by summons. The court stated (pp. 250, 251):

". . . A suit for malicious prosecution of a civil suit without probable cause cannot be maintained where the action upon which it is grounded is an ordinary civil action, begun by summons and not accom-

panied by arrest of the person or seizure of property, · or by special injury not necessarily resulting in any and all suits prosecuted to recover for like causes of action. . . .

"Counsel for appellant here say *that a judgment in narr and cognovit is not an ordinary civil suit begun by summons. The only difference between a judgment entered on narr and cognovit, and one in a suit brought by summons, is that in the former summons is unnecessary, because the maker of the note authorizes his appearance and waives summons. This does not distinguish it as an unusual suit nor as one not an ordinary civil suit. . . . We are of the opinion that the judgment secured by the appellee in this case on the narr and cognovit is a judgment entered in an ordinary civil suit.*" (Italics ours.)

■ It seems plain to us that under the provisions of Ch. 83, par. 24b, and the ruling in the foregoing case, plaintiff had the right to proceed by *scire facias* to have the original judgment revived.

■ Appellant next contends that "the original judgment in the case at bar is joint: The *scire facias* must be joint, and the writ cannot be discontinued as to one defendant since all parties to the original judgment must be parties to a proceeding to revive it." As heretofore stated, the affidavit filed by appellant averred the dissolution of Illinois Hair and Feather Co., Inc., on November 22, 1938, and it appears that the service of summons upon the corporation was quashed by agreement of plaintiff *and appellant*. The trial court, therefore, was right in reviving the judgment against the living defendant, appellant. (See *Martinez v. Cogan*, 320 Ill. App. 468, decided by this Division of the court. See, also, *Columbia Hardwood Lumber Co. v. E. Kopriwa Co.*, 326 Ill. App. 423, Albert E. Lake, appellant, decided by the First Division of this court.) In the latter case it was *claimed* that the corporation had been dissolved and the court

quoted with approval our ruling in *Martinez v. Cogan, supra,* but was compelled to reverse and remand the cause because there was no proof in the record that the corporation had been dissolved.

 The law applicable to the defenses available in a proceeding to revive a judgment is clearly stated in *Bank of Eau Claire v. Reed,* 232 Ill. 238. There the court said (p. 240):

". . . The only question to be determined in a proceeding by *scire facias* to revive a judgment is whether the plaintiff has a right, as against the defendant, to have the judgment executed. That rule was stated in *Smith v. Stevens,* 133 Ill. 183, and in connection with the rule the court quoted from *Dowling v. McGregor,* 91 Pa. St. 410, as follows: 'The only defense in the trial of the *scire facias* on a judgment is a denial of the existence of the judgment or proof of a subsequent satisfaction or discharge thereof.' The defenses available, and which go to the plaintiff's right, as against the defendant, to have the judgment executed, are, that there is no such record, or that the judgment has been paid or released, or there has been an accord and satisfaction. The defendant, under the plea of *nul tiel* record, may show the judgment to be void for want of jurisdiction, if that fact appears from an inspection of the record, but he cannot attack it collaterally by contradicting the record. (23 Cyc. 1457.) A plea to a writ of *scire facias* to revive a judgment denying service of process is a collateral attack on the judgment, and the defendant is not entitled to make such an attack by evidence *aliunde* against a record which shows valid service."

██ ██ Appellant next contends that "in an action to revive by *scire facias* a judgment where the plaintiff claims to be the assignee of an alleged successor in interest to the plaintiff in the original judgment, a defense that the alleged successor in interest and assignor is not such successor in interest, and that there

is a breach in the connection between the original plaintiff and the owner of said judgment is a valid defense and stands admitted as a properly pleaded fact by the motion to strike herein." In support of this contention appellant calls attention to paragraph 5 of his affidavit of defense, which alleges: "That John W. F. Smith is not the successor in interest to the original purported plaintiff in the exercise of said purported powers of attorney and the judgment incident thereto; that said original judgment being therefore void, nothing is due herein and defendant denies the allegations of paragraphs numbered 2 and 3 of the statement of claim," and argues that "this factual statement of defense stands admitted"; that "the defense in question that John W. F. Smith had no right, power or authority to make any assignment of the alleged judgment, and that he was not the owner and holder, or had any interest in or any claim to the judgment, raises an issue of fact," and that "such a defense was held valid in the case of *Central Illinois Company v. Swanson,* 290 Ill. App. 165." The case cited is distinguishable from the instant case in that the original judgment in the *Swanson* case was obtained by the Greenebaum Sons Bank and Trust Company, while in the instant case it was obtained by the receiver of the bank, Alfred K. Foreman. Alfred K. Foreman is no longer receiver of the bank. John W. F. Smith was the receiver of the bank when the assignment was executed on February 4, 1947, and he was the proper person to execute the assignment. Paragraph 5 of the defense alleges "that John W. F. Smith is not the successor in interest to the original purported plaintiff in the exercise of said purported powers of attorney and the judgment incident thereto . . . ." Appellant did not set up in his defense that John W. F. Smith was not the receiver of the bank when the assignment was executed on February 4, 1947, nor that the bank was not in receivership on said date, nor that

Smith, as receiver, was not authorized by an order of court to execute the assignment, nor that Smith, as receiver, was not authorized to sell the assets of the bank, nor that he, as receiver, did not have title to the judgment. Furthermore, the allegation as to the assignment pleaded in the statement of claim was not denied in the defense (Sec. 35 (2) of the Civil Practice Act [Ill. Rev. Stat. 1947, ch. 110, par. 159, subpar. (2); Jones Ill. Stats. Ann. 104.035, subpar. (2)]), and therefore stands admitted. If appellant's involved contention is sound, it would follow that when the Auditor of Public Accounts appoints a receiver and then removes him, or the receiver dies and the Auditor appoints another receiver, that the last receiver cannot execute any documents which would convey title to the assets of the bank unless he procures an assignment from the prior receiver. We agree with appellee's contention that the Banking Act of Illinois [Ill. Rev. Stat. 1947, ch. 16½, par. 1 *et seq.; Jones Ill. Stats. Ann. 10.01 *et seq.*] does not require that such a procedure be followed.

Appellant next contends that ''the affidavit of defense charges 'that the President of the Illinois Hair and Feather Company, an Illinois Corporation, was then and there without right, power or authority of whatsoever nature or description to execute said warrants and powers of attorney to confess judgment on said promissory notes then and there given by said Corporation, which lack of authority was then and there known to said then Chicago Bank of Commerce and its officers and agents, nor did said Corporation thereafter or subsequently, ratify, approve or affirm the Act of its said president in executing said powers and warrants of attorney to confess judgment of said promissory notes and that the proceeds of said notes were received by S. R. Posner' and that the said powers of attorney were void and that no valid and *bona fide* judgment exists by virtue thereof, all of

which stands admitted by the motion to strike and constitutes a valid defense to the statement of claim herein,'' and that ''in a proceeding to revive a judgment, it may be shown that the original judgment is void.'' At this point we deem it pertinent to call attention to the following facts: The second amended defense was verified by S. R. Posner. He was the president of the corporation and signed the name of the corporation upon the two promissory notes, ''By S. R. Posner, Pres.'' In paragraph 1 of the second amended defense he not only swears that he was ''without right, power or authority of whatsoever nature or description to execute said warrants and powers of attorney to confess judgment on said promissory notes then and there given by said corporation,'' but he further swears *''that the proceeds of said notes were received by S. R. Posner.''* Posner signed the notes in question individually and as president of the Illinois Hair and Feather Co., Inc. The warrant to confess judgment provides: ''The undersigned and each and every guarantor and endorser hereof does hereby authorize any attorney of any court of record to appear for him or them or any of them and confess a judgment, etc.'' The position of appellant seems to be that while he signed the note individually and as president of the corporation, he had no power or right to sign for the corporation; that he, individually, received the proceeds of the note; that he in the *scire facias* proceedings made known to the court that the corporation was dissolved by law on November 22, 1938, and that he, individually, agreed that the summons should be quashed against the corporation, but that, nevertheless, as plaintiff cannot obtain a judgment against the dissolved corporation in the *scire facias* proceedings, he cannot obtain a judgment against appellant. The law that governs proceedings in *scire facias* is, in our judgment, not so impotent. In *Dulsky v. Lerner,* 223 Ill. App. 228, cited by appellant in support of the instant contention, it was held that under an affidavit of

merits which in effect was a plea of *nul tiel* record, filed in a proceeding by *scire facias* to revive a judgment, the defendant was permitted to show, as a matter of defense, that the power or warrant of attorney under which the judgment was confessed was joint, while the judgment entered pursuant to it was several, the court stating that the defendant did not seek to contradict the record but relied upon the fact that it affirmatively appeared from the record that the power or warrant of attorney in question was joint, while the judgment entered pursuant to it was several, and that this was therefore a good defense and could be shown under a plea of *nul tiel* record.

After a patient consideration of the technical points raised by counsel for appellant we have concluded that the judgment of the Municipal Court of Chicago should be affirmed and it is accordingly so ordered.

*Judgment affirmed.*

SULLIVAN, P. J., and FRIEND, J., concur.