## BYERS v. UNITED STATES.

No. 3883.

United States Court of Appeals
Tenth Circuit.

July 6, 1949.

John Edwin Byers, pro se.

Lester Luther, U. S. Atty and Eugene W. Davis, Asst. U. S. Atty, Topeka, Kan., for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

This is an appeal from an order denying a motion to set aside judgments, convictions, and sentences in two criminal cases.

John Edwin Byers, the appellant, is confined in the United States Penitentiary at Leavenworth, Kansas, by authority of commitments which were duly issued following judgments after pleas of guilty to charges contained in two United States grand jury indictments. Each of these indictments charged appellant with the crime of armed robbery of certain named banks. He was sentenced on November 13, 1946, to a term of ten years imprisonment and a fine of $1,000.00 on each indictment. The two sentences were made to run concurrently. The aggregate sentence was subsequently reduced on petitioner's application to give credit for approximately eight months of time spent while awaiting trial. The first reduction made by the trial court was to nine years and four months; a second reduction was later made so that the final order was nine years, one month and ten days from the date of imposition of sentence, said order being entered on December 16, 1946.

On January 6, 1949, petitioner filed his motion to vacate, set aside, and correct the sentences pursuant to 28 U.S.C.A. § 2255, on the ground that the indictments were legally insufficient to charge an offense under the Federal Bank Robbery Act, 12 U.S.C.A. § 588b [now 18 U.S.C.A. § 2113], and on the further ground that the sentences "are not tempered with consideration of the time served by petitioner in federal custody previous to trial * *." The trial court found specifically that the indictments were sufficient in law and held adversely to petitioner's application to vacate, set aside, and correct the sentences.

The indictments were drawn under 12 U.S.C.A. § 588(b). Subsection (a) of the above title makes it an offense to attempt to take from any person or persons by force and violence or by putting in fear, property or money or any other thing of value belonging to or in the care, custody, control, management or possession of any bank.

Subsection (b) provides that whoever in attempting to commit the offense defined in Subsection (a) assaults any person or puts in jeopardy the life of any person by the use of any dangerous weapon or device shall be fined not less than $1,000.00 nor more than $10,000.00, or imprisoned not less than five years nor more than twenty-five years, or both.

■ Petitioner's claim that the indictments were vague and indefinite and fail to state an offense is not well taken. The one indictment charges that, "On or about March 7, 1946, in the Third Division, District of Kansas, John Edwin Byers, by force and violence, feloniously took from the person of Van Covert Watson and Willian Crabtree, cashier and bookkeeper, the sum of $863.04 in money belonging to and in the care, custody and control of the First National Bank, LeRoy, Kansas, and in so taking said money did put in jeopardy the lives of said Van Covert Watson and William Crabtree by the use of a loaded Colt new service 44-40 revolver, a dangerous weapon."

The second indictment was similarly drawn, differing only as to names and dates, the bank being described as the First National Bank, Howard, Kansas.

■ The test of the sufficiency of the indictment on a motion to vacate a sentence is whether the indictment by any reasonable construction can be said to charge the offense for which the sentence was imposed. See Gould v. United States, 10 Cir., 173 F.2d 30. However, these indictments are sufficient no matter by what standard they are gaged. An indictment is sufficient under this statute if it shows, among other things, that the bank is one organized and operating under the laws of the United States. Cossack v. Swope, 9 Cir., 114 F.2d 998; 12 U.S.C.A. § 588a [now 18 U.S.C.A. § 2113]. The instant indictments are sufficient under the above test. The name of each bank set out in the indictment contains the word "National" in the title. Only banks organized under the laws of the United States may use the word "National" in their title. See 12 U.S.C.A., § 583, now a part of 18 U.S.C.A. § 709. And

courts will take judicial notice of the fact that a bank with the word "National" in its title is one organized pursuant to the laws of the United States. Wedding v. First National Bank, Inc. of Chicago, 280 Ky. 610, 133 S.W.2d 931.

The indictments in question charge the offense substantially in the words of the Statute. They were, therefore, sufficient to apprise the defendant of the nature of the accusation lodged against him. Smith v. United States, 8 Cir., 83 F.2d 631; Kotrba v. United States, 7 Cir., 62 F.2d 234, 235.

■ Petitioner's contention that the sentence, including the reduction thereof, was not tempered with consideration of the time he served prior to trial is without merit. He contends that he is entitled to credit for the eight months and two days which he spent in custody prior to the imposition of the sentences. Appellant contends that the reductions which he received were of no benefit to him because in fact his conditional release date remained the same under the reduced sentence as it would have been under the original ten year sentence. The reductions did benefit him, but it is not necessary to enter into a detailed discussion of the ways in which he was benefited by such reductions because both the original sentence and the reduced sentence were well within the statutory limits and approached the minimum sentence which could be imposed rather than the maximum, and since the sentence which is imposed is well within that which could have been imposed by law, he has no grounds of complaint. Furthermore, he was not entitled, as a matter of right, to have credit for the time he was in custody prior to sentencing, for his sentence would not commence to run until it had been imposed and he was received at the place designated for the service thereof. 18 U.S.C.A. § 709a, now Section 3568, 18 U.S.C.A.

■ In his motion appellant also made a contention as to his mental condition at the time he entered his plea of guilty, but this is without merit. After petitioner was arrested and before the indictments were returned, petitioner's mental status was questioned. The court committed him to the United States Medical Center at

Springfield, Missouri, where 'for six months tests and observations were made. The report which was made to the trial court stated that the petitioner had the mental capacity to know the difference between right and wrong,; that he was able to comprehend his condition with reference to the proceedings pending against him, and to rationally aid in conducting his defense. The trial court also conducted its own inquiry into the matter and reached the same conclusion.

We find no error in the record and the judgment of the trial court is, therefore, affirmed.