## ELLWANGER v. AGOSTOS.

Court of Appeals of Kentucky.

Feb. 6, 1953.

Rehearing Denied March 20, 1953.

Henry J. Burt, Jr., Louisville, for appellant.

Brown, Greenebaum & Eldred, Louisville, for appellee.

SIMS, Chief Justice.

Appellee recovered judgment against appellant for "$1400.84 with interest thereon at 5% per annum from October 8, 1936, and in the further sum of $15." The action was based on a foreign judgment Agostos had obtained against Mrs. Ellwanger in the municipal court of Chicago, Illinois, on a cognovit note she had executed to him, and the $15 item represented court costs in that action.

The note Mrs. Ellwanger executed to Agostos contains this language, often referred to in such notes as a warrant of attorney:

"I hereby authorize, irrevocably, any attorney of any Court of Record to appear for (me) in such Court, in term time or vacation, at any time hereafter and confess a Judgment without process, in favor of the holder of this Note, for such amount as may appear to be unpaid thereon, together with costs and reasonable attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof."

The record of the Illinois court, duly authenticated, was introduced. As Mrs. Ellwanger offered no proof that the note was procured by fraud or misrepresentation, or the Illinois court did not have jurisdiction,

or that it rendered the judgment without due process of law, a verdict was directed for Agostos.

In seeking to reverse the judgment Mrs. Ellwanger argues: 1. The confession of the judgment in Illinois deprived her of her day in court contrary to § 14 of the Kentucky Constitution; 2. that the Illinois judgment is contrary to the public policy of Kentucky; 3. that the Illinois judgment obtained on a cognovit cannot be revived, as was done by the Illinois court.

The first two points made here were decided adversely to Mrs. Ellwanger's contention in the case of Wedding v. First National Bank of Chicago, 280 Ky. 610, 133 S.W.2d 931. A full discussion of them appears in that opinion and it is not necessary to repeat it here. Appellant frankly says in brief that the instant case cannot be distinguished from the Wedding opinion and she asks us to overrule it. This we are unwilling to do, as we think the Wedding opinion is sound.

As to appellant's third contention, a judgment taken on a cognovit cannot be revived, the Illinois Statute provides: "Any person for a debt bona fide due may confess judgment by himself or attorney duly authorized either in term time or vacation, without process. * * *" Section 50 (5), Civil Practice Act, Ch. 110, § 174 (5), Ill.Rev.Stat.1949.

Par. 25 of the Limitations Act, Ch. 83, § 24b, Ill.Rev.Stat.1949, provides: "Judgments in any court of record in this State may be revived by scire facias, or by ordinary civil action in lieu of scire facias as provided by the Civil Practice Act * * *."

In Foreman v. Illinois Hair & Feather Co., 337 Ill.App. 147, 85 N.E.2d 353, 354, it was written: "It would be difficult to estimate, even approximately, the number of the cases wherein judgments entered by confession under a warrant of attorney have been revived by scire facias in the Illinois courts * * *."

The record of the municipal court of Chicago filed in the instant case clearly shows the original judgment in Illinois was revived by scire facias in conformity with the above quoted Illinois statute.

On the authority of the Illinois statute to which reference has just been made, and the cases of Wedding v. First National Bank of Chicago, 280 Ky. 610, 133 S.W.2d 931, and Foreman v. Illinois Hair & Feather Co., 337 Ill.App. 147, 85 N.E.2d 353, the judgment is affirmed.